# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>ADEL A. FADILI,<br><br>                  Debtor<br>_____<br><br>EMMES CAPITAL LLC,<br><br>                  Plaintiff<br><br>v.<br><br>ADEL A. FADILI,<br><br>                  Defendant | Chapter 7<br>Case No. 05-17304-RS<br><br><br><br><br><br><br>Adversary Proceeding<br>No. 05-1599 |

## MEMORANDUM OF DECISION ON
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

By the motion presently before the court, plaintiff Emmes Capital LLC ("Emmes") seeks summary judgment as to its count for a determination that the prepetition judgment it holds against the defendant and debtor, Adel Fadili ("Fadili"), in the amount of $6,281,585.15 is excepted from discharge under 11 U.S.C. § 523(a)(2)(A). The motion seeks summary judgment on the strength of three separate statements, each alleged to be false and a basis for nondischargeability. Fadili filed no response to the motion but, through counsel, did argue against the motion at hearing. For the reasons set forth below, the court will deny the motion.

**First Statement**

The first statement on which Emmes seeks summary judgment is a balance sheet. In support of a loan application submitted by Heron Pond LLC to Emmes, Fadili submitted to Emmes a written statement, entitled "Statement of Financial Condition," which is essentially a

balance sheet as to his own assets and liabilities as of December 31, 1997. In this statement, Fadili was obligated to disclose all his assets, but he failed to disclose his beneficial interest in Equity One Realty Trust, a nominee trust in which he then allegedly held a 50% beneficial interest. The Statement of Financial Condition lists no beneficial interest in any trust. The omission of this interest from the balance sheet is the false statement on which Emmes is relying.

This statement cannot be a basis for summary judgment for two reasons. First, when an alleged fraudulent misstatement is made in a "statement in writing . . . respecting the debtor's . . . financial condition" within the meaning of 523(a)(2)(B), it's dischargeability under 523(a)(2) is governed exclusively by subsection (a)(2)(B); for statements of that kind, subsection (a)(2)(A) is not a possible basis for nondischargeability. The balance sheet in question is clearly a "statement in writing regarding the debtor's financial condition" within the meaning of subsection (a)(2)(B). Therefore, it is a basis for nondischargeability (if at all) only under subsection (a)(2)(B). But Emmes's complaint does not cite subsection (a)(2)(B) as a possible basis of relief.[1]

Second, the claim for nondischargeability is based on fraud, and fraud must be plead with particularity. FED. R. CIV. P. 9(b). But the complaint does not mention this misstatement (or either of the other two adduced in support of summary judgment), either as a basis for relief or otherwise. Rather, Count I (the only count concerning nondischargeability under § 523(a)(2)) specifies only that Fadili made the operative false statements "by using straws and family members to hold title to property on his behalf and thus conceal his real interest in property." The present statement does not meet that description. For these reasons, this statement is not the

---

[1] Only Count I of the complaint concerns nondischargeability under § 523(a)(2), and it mentions only (a)(2)(A), not (a)(2)(B), as a basis for relief.

basis of a claim being asserted in the complaint. Summary judgment is available only with respect to claims asserted in the complaint. FED. R. CIV. P. 56(a) ("A party claiming relief may move . . . for summary judgment on all or part of *the claim*" (emphasis added)).

**Second Statement**

The second statement on which Emmes relies is a written Affidavit of Guarantor that Fadili signed on December 14, 1998. In it he stated under oath that there are "no pending actions or claims by any government authority which would have a material adverse effect on Guarantor's financial condition." This was false, says Emmes, because in October 1998, Fadili had been found guilty of possession of crack cocaine and of violating a restraining order, and he was sentenced to 10 days' incarceration, suspended for one year to October 15, 1999.

Summary judgment must be denied as to this statement for the following reasons. First, the claim for nondischargeability is again based on fraud, and fraud must be plead with particularity, but the complaint does not mention this misstatement as a basis for relief.

Second, this too is a statement in writing "regarding the debtor's financial condition" within the meaning of subsection (a)(2)(B). Therefore, the statement is a basis for relief (if at all) only under subsection (a)(2)(B), but the complaint does not cite subsection (a)(2)(B) as a possible basis for relief.

Third, resolving all inferences in favor of the nonmoving party, as the court must on summary judgment, the court cannot find that this statement was false. The criminal convictions might have had a bearing on Fadili's credit-worthiness, but Emmes has not shown that they had a bearing on his "financial condition," which is what the question asked. Also, the question asked about "pending" actions or claims, but according to Emmes, the criminal convictions were final,

3

not pending.  At least for purposes of summary judgment, the court must resolve this issue—the requirement of falsity—in favor of Fadili.

Fourth, even if the court could conclude that the question required Fadili to disclose the criminal convictions, it is quite conceivable that Fadili would have construed the question differently.  The court must indulge that inference on summary judgment and therefore cannot determine, as a matter of law, that Fadili made his false statement with knowledge of falsity and intent to deceive.

**<u>Third Statement</u>**

The third statement on which Emmes relies is really no statement at all.  In April 1998, Emmes' president Lawrence Davis sent to Fadili a letter that included a "term sheet" for a proposed loan by Emmes' to Heron Pond LLC.  Emmes had been approached by Fadili to finance the "Heron Pond Project," involving Heron Pond LLC's acquisition of land from Equity One Realty Trust and development of the same into a three-phase condominium.  The term sheet merely specified the information that Emmes would require Heron Pond to produce as a condition of its underwriting the loan, including, in Item 23, "copy of existing executed promissory note(s) and mortgage(s) on property including detailed information on any existing debt on the property (amount, interest rate, maturity and lender)."  Fadili countersigned the letter, thereby accepting and agreeing to the terms set forth in the letter.  Emmes does not contend that Fadili's signature of the letter was a representation in any sense; nor does Emmes contend that Fadili made a statement in response to item 23.  Emmes merely alleges that Fadili never disclosed or revealed that he and his brother had equal fifty percent interests in Equity One, which held a $2.4 million mortgage that was to be subordinated to the Emmes mortgage.

4

Emmes contends that this information was part of the "detailed information about existing debt" that should have been provided in response to Item 23 and that his failure to produce it was a false representation.

The court will deny summary judgment as to this statement for the following reasons. First, it is not clear that Fadili's silence in response to Item 23 amounts to a statement. This is not a situation in which a debtor made a response in which he represented (at least implicitly) that the disclosures set forth were exhaustive; an omission from such a statement would be a false representation. Here, the court has no evidence of any response to Item 23 at all.

Second, as with the other statements above, Emmes here is seeking nondischargeability on the basis of fraud, but it failed to plead this particular statement in the complaint with particularity. The complaint does not mention the term sheet or Fadili's failure to disclose this particular information in response to it.

Third, Item 23 specified the detailed information it was requesting: "amount, interest rate, maturity, and lender." His interest in the lender trust is none of these things. Even if the Court could find that his interest in Equity One is something that Fadili nonetheless should have disclosed in response to Item 23, the court must resolve all possible inferences and uncertainties in favor of the debtor and therefore cannot, for purposes of this motion, determine that he himself understood this and, in remaining silent, acted with knowledge of falsity and intent to deceive.

**Conclusion**

  For the reasons set forth above, a separate order will enter denying the Plaintiff's Motion for Summary Judgment.

Date: September 3, 2008        _____
                Joel B. Rosenthal
                United States Bankruptcy Judge